Jon M. Sands
Federal Public Defender
Michael L. Burke (Arizona Bar No. 013173)
Robin C. Konrad ( Alabama Bar No.ASB-2194-N76K)
Assistant Federal Public Defenders
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone: (602) 382-2818
Facsimile: (602) 889-3960

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| George Russell Kayer,<br><br>    Petitioner-Appellant,<br><br>vs.<br><br>Dora B. Schriro, *et al.*,<br><br>    Respondents-Appellees. | No. 09-99027<br><br>District Court No. 2:07-CV-02120-DGC<br><br>Motion for Partial Remand in Light of *Martinez v. Ryan*<br><br>DEATH PENALTY CASE |

On March 20, 2012, the Supreme Court of the United States held in *Martinez v. Ryan*, No. 10-1001, 2012 WL 912950, at *5 (Mar. 20, 2012), that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." For the reasons explained below, this ruling, which constitutes a significant change in the law concerning the doctrine of cause and prejudice in federal habeas corpus proceedings, applies retroactively to Mr. Kayer's federal habeas proceeding and warrants a remand of this appeal to the district court to permit Mr. Kayer to litigate whether the ineffective assistance of his post-conviction attorney constitutes cause for his failure (as found by the district court) to exhaust several claims of ineffective assistance of counsel alleged in his federal habeas petition.

**A.**    *Martinez* **governs this case.**

The Supreme Court granted certiorari in *Martinez* to determine whether there exists a federal constitutional right to the effective assistance of counsel in a first state-court post-conviction proceeding if that proceeding is the first opportunity for

the defendant to raise claims of ineffective assistance of counsel at trial. *Martinez*, 2012 WL 912950, at *16 (Scalia, J., dissenting). The Court determined, however, that it need not reach the constitutional question in *Martinez* because the issue could be satisfactorily resolved in that case by creating an exception to the principle of procedural default in federal habeas corpus proceedings by permitting a defendant to allege ineffective assistance of post-conviction counsel as cause for a procedural default of a claim involving ineffective assistance of trial counsel. *See id.* at *5.

Because the new ruling announced in *Martinez* is not a rule of constitutional criminal procedure, no bar exists to its retroactive application to criminal cases, like *Martinez* itself, that were "final" when the decision was announced. *See Reina-Rodriguez v. United States*, 655 F.3d 1182, 1188 (9th Cir. 2011). Accordingly, the Supreme Court's ruling in *Martinez* applies to this Court's adjudication of Mr. Kayer's habeas corpus proceeding.

### B. The district court found several of Mr. Kayer's claims of ineffective assistance of trial counsel to be procedurally defaulted.

In his First Amended Habeas Corpus Petition, filed in 2008, Mr. Kayer alleged several instances of ineffective assistance of trial counsel that the district court ultimately found to be procedurally barred. Specifically, the district court dismissed as procedurally barred Claims (1)(B)(1), (1)(B)(2), and (1)(B)(3), all of which alleged ineffective assistance of counsel during the guilt phase of Mr. Kayer's trial, because, in the district court's opinion, those claims had never been presented to a state court. (ER 020-021.) The district court also concluded that Claim (1)(B)(5), which alleged that Mr. Kayer was denied the effective assistance of counsel during the death qualification of his jury, was procedurally defaulted because it was not presented to the Arizona Supreme Court in Mr. Kayer's petition for review from the trial court's denial of his petition for post-conviction relief. (ER 020-021.)

At the time of Mr. Kayer's habeas corpus proceedings in the district court, federal law plainly held that the ineffective assistance of post-conviction counsel

could not serve as cause for the failure to exhaust in state court a claim of ineffective assistance of trial counsel. *Coleman v. Thompson*, 501 U.S. 722, 755-57 (1991). Accordingly, Mr. Kayer was not at fault for failing to allege that his post-conviction attorney's ineffectiveness constituted cause for any failure to exhaust the claims of ineffective assistance of trial counsel that the district court concluded were procedurally barred.

### C. Mr. Kayer is entitled to a remand to the district court to factually develop his allegation that the ineffective assistance of his post-conviction counsel constitutes cause for his procedural default of his ineffective-assistance-of-trial-counsel claims.

Because *Coleman* was the governing law at the time his case was before the district court, Mr. Kayer has not been able to litigate whether his post-conviction attorney's failure to raise the claims discussed above constitutes cause for his procedural default of those claims, in the manner that *Martinez* now allows. As a result, this Court lacks a developed record upon which it could address the merits of a *Martinez* argument in this case *See, e.g., Loveland v. Hatcher*, 231 F.3d 640, 644-45 (9th Cir. 2000) (remanding to district court for evidentiary hearing to develop cause and prejudice argument). Accordingly, Mr. Kayer respectfully requests that the Court stay this appeal and remand to the district court for further proceedings in light of *Martinez*.

Respectfully submitted this 23rd day of April, 2012.

                Jon M. Sands
                Federal Public Defender
                Michael L. Burke
                Robin Konrad
                Assistant Federal Public Defenders

By  s/Michael L. Burke
      Counsel for Petitioner-Appellant

**Certificate of Service**

I hereby certify that on April 23, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

  s/Nancy Rangel
Legal Assistant
Capital Habeas Unit